UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROWDY DAWSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:21-CV-222-HAB |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Agreed Motion to Extend Deadline for Discovery and Dispositive Motions (ECF No. 27). Because Defendant has not even tried to demonstrate the required good cause for the extension, the motion will be granted in part and denied in part.

**I.  Factual Background**

This Court entered its Scheduling Order and Memorandum of Preliminary Pretrial Conference (ECF No. 18) in August 2021. That order set a discovery deadline of August 31, 2022, and a dispositive motion deadline of October 3, 2022. (*Id*. at 1, 2). The order expressly stated that "the deadlines in this Order may be modified only for good cause and with the judge's consent pursuant to Fed. R. Civ. P. 16(b)(4)." (*Id*. at 2).

On June 29, 2022, only two months before discovery was set to end, counsel for Defendant emailed Plaintiff's counsel to request July or August 2022 dates for Plaintiff's deposition. Receiving no response, counsel for Defendant followed up on August 8, less than a month before the end of discovery. Plaintiff's counsel responded two days later, August 10, asking for September dates. After a series of emails back and forth, counsel picked September 28 for Plaintiff's

deposition. The deposition date was confirmed on September 16, the same day this motion was filed.

In the motion, Defendant asks for discovery to be extended to November 11, "a period of 44 days after the deposition of Plaintiff to allow for follow-up discovery based on facts disclosed by Plaintiff during his deposition." (ECF No. 27 at 2). Defendant also asks that the dispositive motion deadline be extended to December 12, "a period of 31 days after the close of discovery." (*Id.*).

**II.     Legal Discussion**

The schedule set by a Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And that's if the request to modify the order is timely. Where, as here, a party has allowed a deadline to run, it must also show that its failure to comply with the established deadlines was caused by "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014).

Defendant does not address "good cause" or "excusable neglect" in its motion, instead appealing to the irrelevant standards of "undue delay" and "prejudice" applicable to motions to amend pleadings under Rule 15(a)(2). (ECF No. 27 at 2); *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc.*, 265 F.R.D. 341, 346 (N.D. Ind. 2010). Perhaps this is because Defendant cannot establish either ground.

Good cause first. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). If the Court had to guess what constitutes good cause for Defendant's request, and it must given Defendant's choice to ignore the relevant standard, it would be that the parties did not agree on a date for Plaintiff's deposition until mid-September.

The problem with that excuse is that Defendant knew, or should have known, that it could not complete Plaintiff's deposition by the discovery deadline as early as August 10 when Plaintiff's counsel requested September dates. Yet Defendant allowed the discovery deadline to expire and waited an additional two weeks to ask for an extension of that expired deadline. That is not conduct that strikes the Court as particularly diligent.

Defendant's request fares worse under the "excusable neglect" standard. "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). Defendant offers no reason at all for waiting until after the discovery deadline expired to seek an extension, leaving the Court with no "relevant circumstances" to consider. This is problematic because, even if we assume that Plaintiff will not be prejudiced by the extension, the lack of prejudice "will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable." *United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006). Such is the case here.

Even so, the Court will not prevent Plaintiff's scheduled deposition. Instead, the Court will extend the discovery deadline to two weeks past the deposition date and will extend the dispositive motion deadline to thirty days later. The Court will do no more given the threadbare record before it.

### III. Conclusion

For these reasons, Defendant's Agreed Motion to Extend Deadline for Discovery and Dispositive Motions (ECF No. 27) is GRANTED in part and DENIED in part. The discovery deadline is extended to October 12, 2022. The dispositive motion deadline is extended to November 11, 2022. The motion is denied in all other respects.

SO ORDERED on September 23, 2022.

                                                  s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT